# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8656 | **DATE** | ½/2003 |
| **CASE TITLE** | | Gregory Dejneka vs. Town of Cicero, et al | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. As stated as the outset, defense counsel must try again. They are ordered to file a single (an appropriate) responsive pleading on behalf of all of their client in this Court's chambers (with a copy of course transmitted to plaintiff's counsel) on or before January 13, 2003.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JAN 02 2003 | |
| | Notified counsel by telephone. | | date docketed | 6 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 1/2/2003 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GREGORY DEJNEKA, )
)
)
Plaintiff, )
)
v. ) No. 02 C 8656
) Judge Shadur
TOWN OF CICERO, ET AL )
)
Defendants. )

MEMORANDUM OPINION AND ORDER

Even though the same lawyers represent all three individual defendants in this 42 U.S.C. § 1983 ("Section 1983") action, they have thoughtlessly chosen to file a separate Answer and Affirmative Defenses ("ADs") on behalf of each of their clients. Both for that reason and because of other basic deficiencies in those responsive pleadings, this Court is not filing them--it is rather returning them to defense counsel with an order to submit a single pleading on behalf of all three clients.

Quite apart from the disrespect that counsel such as the lawyers here display for the environment (by excessive inroads on our nation's forests)[1] as well as for their clients' pocketbooks to a minimal extent, defense counsel have obviously not thought about the lack of courtesy (presumably unintended) that is involved in requiring this Court and opposing counsel to go through three separate documents (indeed, comparing them side by

---

[1] In that respect, after all, the damage has already been done.

side) to learn the respects in which defendants take identical positions and any respects in which they part company. Those similarities and differences (if any) are readily apparent when the reader is able to resort to just one document instead of three.

As long as counsel must return to the drawing board (or computer) in any event, some added defects in the present submissions must be addressed as well. They will be ticked off in short order.

For one thing, counsel must comply with this District Court's LR 10.1. On that score they have ignored still another requirement aimed at enabling the reader to examine a single document--in this instance one document rather than two--to learn what is and what is not being placed in issue by defendant or defendants.

Next, each Answer ¶ 1 is defective because it does not admit the existence of subject matter jurisdiction under Section 1983. Defendants' Answers are not the place to avoid such an admission by denying that plaintiff "has stated a proper claim pursuant to" that statute. Moreover, this Court sees no way in which defendants can reasonably deny the existence of supplemental jurisdiction under 28 U.S.C. § 1367(a) (this is of course separate from any defenses that defendants may have against plaintiff's state law claims).

Next, even though the Answers' multitude of disclaimers of

information sufficient to form a belief pretty well track the second sentence of Fed. R. Civ. P. ("Rule") 8(b), the accompanying demands for "strict proof" are totally without meaning or legal significance. That locution must be omitted from the amended pleading.

Next, even though Answer ¶ 55 correctly points out the garbled nature of Complaint ¶ 55, making it impossible to draft an appropriate response (something that plaintiff's counsel clearly ought to correct), each answer improperly speaks of the Town of Cicero rather than of defense counsel's individual client. That must be corrected as well.

That is not true, however, of defense counsel's characterization of Complaint ¶ 60. There the allegation is clearly comprehensible, and an answer is required.

Finally, some flaws in the ADs also require correction. Here they are:

> 1. AD 1 misses the entire point of a legitimate qualified immunity defense by stating incorrectly that the "law in this area was not well settled." It is absurd to suggest that it was not well settled in December 2001 that the unprovoked striking of an unresisting member of the public by police officers who used their batons, fists and mace or pepper spray (allegations of the Complaint that must be accepted as true for AD purposes) was not well established as a

3

violation of the victim's constitutional rights. AD 1 is stricken.

2. AD 2 is directly at war with the Complaint's allegations. There is no way in which the actions referred to in the preceding paragraph may be characterized as "objectively reasonable." AD 2 is also stricken.

As stated at the outset, defense counsel must try again. They are ordered to file a single (and appropriate) responsive pleading on behalf of all of their clients in this Court's chambers (with a copy of course transmitted to plaintiff's counsel) on or before January 13, 2003.

Finally, because all of the matters dealt with here are ascribable to defense counsel rather than to their clients, counsel are directed (1) to make no charge to their clients for any time and expenses incurred in their having to return to the drawing board and (2) to advise their clients in writing of this order in that respect (transmitting a copy of that communication to this Court for informational purposes, not for filing).

                                          /s/ Milton I. Shadur
                                          Milton I. Shadur
                                          Senior United States District Judge

January 2, 2003